**PIERMONT HEIGHTS, INC., Plaintiff,**

v.

**Burton DORFMAN, Dorfman McCormack Lynch & Phillips, Sonia Aguirre, Michael Rizzo, and Carmine Rizzo, a/k/a Carmelo Rizzo, Defendants.**

**No. 92 Civ. 1936 (TPG).**

United States District Court, S.D. New York.

April 20, 1993.

Michael S. Kelton, Lippman Krasnow & Kelton, New York City, for plaintiff.

Ronald A. Phillips, Dorfman, McCormack, Lynch & Phillips, Nyack, NY, for defendants.

**OPINION**

GRIESA, Chief Judge.

This is an action by a Virginia corporation against three individuals who reside in New York and a law firm which is located in New York. Various common law causes of action are asserted which need not be described, and jurisdiction is asserted based on diversity of citizenship.

Certain defendants have moved to dismiss for lack of subject matter jurisdiction, asserting that the diversity was fabricated in violation of 28 U.S.C. § 1359. The contention is that plaintiff Piermont Heights, Inc., which is in fact a Virginia corporation, was incorporated in that state solely to create diversity, and that this was a device to avoid having the action brought by that company's predecessor corporation, a New York company of the same name.

The motion is denied.

**FACTS**

In 1989 Piermont Heights, Inc., a New York corporation (hereafter "the New York corporation") sold certain real estate to one of the defendants. The purchaser needed to finance part of the price. This led to certain mortgages and promissory notes. After default on part of the indebtedness, a controversy arose about the genuineness of the signature of a co-signer of certain instruments, and other matters, and litigation followed. In July 1991 the New York corporation filed suit in Supreme Court, Rockland County, against the alleged co-signer, defendant Carmelo Rizzo. The New York corporation voluntarily discontinued this action on January 30, 1992. The attorney for the New York corporation filed an affirmation at that time stating that the New York corporation planned to retain new counsel and to institute a larger suit in another forum against additional parties.

Sometime in 1991, the principal of the New York corporation, Clark Rhodes, moved to Virginia. He has stated in an affidavit that there was little or no land development business opportunity in New York and that the opportunities were better in Virginia. It appears from his affidavit that he also moved his office to Virginia. During 1991 he commenced taking steps to have the domicile of his corporation moved to Virginia by creating Piermont Heights, Inc., a new Virginia corporation (hereafter referred to as "the Virginia corporation"). A Certificate of Incorporation was filed on November 14, 1991. On December 30, 1991 Rhodes, who was the president, the sole officer, the sole director and the sole shareholder of both the New York corporation and the Virginia corporation, authorized a merger plan by which the New York corporation was to merge into the Virginia corporation, and all assets and liabilities of the former were to devolve upon the latter. However, the merger plan provided that the merger would not become effective until the laws of both New York and Virginia had been complied with.

On January 23, 1992, one week before the discontinuance of the state court action, Rhodes prepared and executed a Certificate of Merger in accordance with New York law, and Articles of Merger in accordance with Virginia law. On January 29, 1992 the Certificate of Merger was filed with and accepted by the Virginia State Corporation Commission. However, because of the omission of certain tax forms from the initial filing in New York, the Certificate of Merger was not accepted for filing in New York until October 16, 1992. On that latter date, the dissolution of Piermont, New York and its merger with Piermont, Virginia became final.

The present federal court action was commenced on March 13, 1992, and as already described it is brought by the Virginia corporation. If the action had been brought by the New York corporation, there would have been no diversity of citizenship and no federal jurisdiction.

The motion to dismiss for lack of jurisdiction was filed on August 25, 1992.

The Virginia corporation commenced an action in Supreme Court, Rockland County in December 1992 against the same defendants, and alleging the same causes of action, as in the federal suit.

## DISCUSSION

Defendants first argue that subject matter jurisdiction is lacking because, at the time this action was instituted, the New York corporation still existed and was the owner of the debts and other claims on which the action is brought. It may be that, at the time this action was instituted in March 1992, the Virginia corporation had not fully acquired the debt and the other claims being sued upon. However, that matter has been cured, and we now have a suit by the Virginia corporation which is presently the owner of the causes of action.

The real problem is whether jurisdiction is defeated because of a violation of 28 U.S.C. § 1359, which provides:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to involve the jurisdiction of such court.

If plaintiff assigns a claim or takes a similar action solely for the purpose of manufacturing diversity jurisdiction, and without a legitimate business purpose apart from the creation of such jurisdiction, the statute is violated. *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 476 (2d Cir. 1976).

The court is unable to find that this is the situation in the present case. The principal of Piermont Heights moved to Virginia in 1991 and has asserted, without contradiction, that there are opportunities for his real estate development business in Virginia which no longer exist in New York. He in effect moved the domicile of his corporation from New York to Virginia at the same time as he moved his home.

The court rules that there has been no violation of § 1359, and denies the motion to dismiss.

SO ORDERED.